758 F.2d 652
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
VIRGINIA DEEDLER, PLAINTIFF-APPELLANT,
v.
SECRETARY, HEALTH AND HUMAN SERVICES, DEFENDANT-APPELLEE.
 NO. 83-1620
 United States Court of Appeals, Sixth Circuit.
 2/27/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 BEFORE: LIVELY, Chief Judge; KEITH, Circuit Judge; and BROWN, Senior Judge.
 PER CURIAM.
 
 
 1
 This is an appeal from a judgment of the district court affirming the Secretary's denial of 'mother's benefits.' The plaintiff is the a mother of a 33-year-old daughter who has been disabled since birth by reason of schizophrenia. The Secretary determined that plaintiff is not entitled to the benefits because she does not have her daughter 'in her care' as required by Section 202(g)(1) of the Social Security Act, 42 U.S.C. Sec. 402(g)(1) (1982). This decision was reached after a hearing before an administrative law judge. Following an appeal to the district court, the case was referred to a magistrate who recommended affirmance of the Secretary's decision as one supported by substantial evidence. When the plaintiff filed objections to this decision the district court held a hearing to consider arguments of the parties and ultimately entered judgment affirming the decision of the Secretary.
 
 
 2
 Since her father's death in 1975, plaintiff's child has resided in numerous institutions, both state hospitals and private facilities. Plaintiff testified that she made the decision to place her daughter in these facilities and throughout her institutionalization visited her frequently, brought her home on numerous weekends until her condition worsened and conferred with the staff at each of the facilities about diet, medication and other treatment her daughter was receiving. She introduced evidence of expenditures which she had made for the maintenance and care of her daughter, many of the expenses being charges by the institutions. It was shown, however, that the daughter is a recipient of direct benefits which are paid to the plaintiff on her behalf and that most of the expenses testified to were paid out of the account containing money received by the daughter as benefits.
 
 
 3
 Section 402(g) of the Social Security Act entitles a widow to monthly mother's insurance benefits based on the earnings record of her deceased husband, if at the time she applies for benefits, she has a child in her care. Regulations of the Secretary define when a child is in a mother's care though living apart from the mother. The applicable regulation provides:
 
 
 4
 A child living apart from you is in your care if -* * *
 
 
 5
 (3) The child is 18 years old or older, and is mentally disabled but you supervise his or her activities, make important decisions about his or her needs, and help in his or her upbringing and development.
 
 
 6
 20 C.F.R. Sec. 404.349(a). The decision of the Secretary is based upon a finding by the administrative law judge that the institutions which have cared for plaintiff's daughter are making the significant decisions about her needs and that they supervise her activities. The administrative law judge noted that plaintiff makes some of the decisions and provides some help in the upbringing and development of her daughter, but concluded that she did not supervise her daughter's activities or make the important decisions about her needs.
 
 
 7
 Upon consideration of the briefs and oral arguments of counsel together with the record on appeal this court concludes that the decision of the Secretary, as affirmed by the district court, is supported by substantial evidence. The sole function of this court on appeal from a decision of the Secretary is to make this substantial evidence determination. We cannot hold that there was not substantial evidence to support the finding that the plaintiff did not supervise her daughter's activities or make important decisions about her needs. She undoubtedly contributed to the making of decisions, but the record supports the finding that supervision of the daughter's activities was a function of the institutions and that they ultimately made the important decisions.
 
 
 8
 Accordingly, the judgment of the district court is affirmed.